USDC SCAN INDEX SHEET

















RYC   10/6/03   15:50
3:03-CV-00961   PINNAVAIA V. FBI
*12*
*RPLYOPPM.*

**ORIGINAL**

FILED

03 OCT -6 PM 12: 19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  CAROL C. LAM
   United States Attorney
2  BETH L. LEVINE
   Assistant U.S. Attorney
3  California State Bar No. 071654
   United States Attorney's Office
4  Federal Office Building
   880 Front Street, Room 6293
5  San Diego, California 92101-8893
   Telephone: (619) 557-7185
6
   Attorneys for Defendant
7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 MATTHEW D. PINNAVAIA,              ) Civil No. 03cv0961-L(JAH)
                                      )
12         Plaintiff,                 ) DEFENDANT'S REPLY TO PLAINTIFF'S
                                      ) MOTION OF ANSWER TO
13                                    ) DEFENDANT'S MOTION OF
                                      ) 8-1-03 TO THE COURT
14    v.                              )
                                      )
15 FEDERAL BUREAU OF INVESTIGATION,   )
   U.S. DEPARTMENT OF JUSTICE,        ) DATE:  October 14, 2003
16                                    ) TIME:  10:30 a.m.
           Defendant.                 ) CTRM:  14
17 _____ ) Honorable M. James Lorenz

18

19         On August 1, 2003, Defendant filed a Motion to Dismiss and to

20 Transfer Action or to Stay Proceedings.  The Motion was based on the

21 grounds that:  (1) Plaintiff had not yet completed service of process;

22 and (2) all issues in this case are being addressed in a parallel

23 action pending in the district court for the District of Columbia.

24 See Pinnavaia v. Federal Bureau of Investigation, Civil Action No. 03-

25 112.  Plaintiff filed a "Motion of Answer to Defendant's Motion" on

26 August 8, 2003, addressing both grounds.  Although Defendant's Motion

27 to Dismiss has been mooted by Plaintiff's completion of service of

28

1    process on the United States,[1/] the remaining circumstances have not

2    changed.  Plaintiff contends in his Motion of Answer that Defendant

3    is refusing to acknowledge the existence of certain "Work Product

4    Materials."  See Plaintiff's Answer at 2.  That contention is already

5    being addressed in the District of Columbia.  See attached

6    Supplemental Declaration of Beth L. Levine, and Declaration of

7    Nicholas F. McKean, attached thereto as Exhibit H.  Therefore, in the

8    interests of judicial economy, prevention of inconsistent judgments,

9    and convenience of the parties, Defendant respectfully requests the

10   court to transfer the action to the District of Columbia, or to stay

11   proceedings until the resolution of Pinnavaia v. Federal Bureau of

12   Investigation, Civil Action No. 03-112, in the District of Columbia.

13   DATE: 10/3/03                      CAROL C. LAM
                                        United States Attorney
14

15                                      _Beth L. Levine_

16                                      BETH L. LEVINE
                                        Assistant U.S. Attorney
17                                      Attorneys for Defendant

18

19

20

21

22

23

24

25

26

27   [1/]   Defendant's records indicate service on the United States
     Attorney's Office and Attorney General on September 16, 2003 and
28   September 26, 2003, respectively.  See attached Supplemental
     Declaration of Beth L. Levine.

                                      2

1  CAROL C. LAM
   United States Attorney
2  BETH L. LEVINE
   Assistant U.S. Attorney
3  California State Bar No. 071654
   United States Attorney's Office
4  Federal Office Building
   880 Front Street, Room 6293
5  San Diego, California 92101-8893
   Telephone: (619) 557-7185
6
   Attorneys for Defendant
7

FILED

03 OCT -6 PM 12: 19

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  MATTHEW D. PINNAVAIA,          ) Civil No. 03cv0961-L(JAH)
                                   )
12          Plaintiff,             )
                                   )
13                                 ) SUPPLEMENTAL DECLARATION
        v.                         ) OF BETH L. LEVINE
14                                 )
                                   )
15  FEDERAL BUREAU OF INVESTIGATION, )
    U.S. DEPARTMENT OF JUSTICE,    )
16                                 )
            Defendant.             )
17  _____ )

18      I, Beth L. Levine, state:

19      1.  I am an Assistant United States Attorney in the Southern

20  District of California and have been assigned responsibility for

21  handling the above-captioned case on behalf of Defendant.  This

22  declaration supplements the declaration I signed on July 31, 2003, and

23  which is attached to Defendant's Motion to Dismiss and to Transfer

24  Action or to Stay Proceedings, filed August 1, 2003.

25      2.  I have received information indicating that the United States

26  Attorney's Office and Attorney General were served with the summons

27  and complaint in this matter on September 16, 2003 and September 26,

28  2003, respectively.

3. Today, I had my secretary pull from the PACER system for the district court in the District of Columbia a copy of the docket sheet for the case, <u>Pinnavaia v. Federal Bureau of Investigation</u>, Civil Action No. 03-112. A copy of that docket sheet is attached hereto as Exhibit E.   Exhibits A through D were attached to my earlier declaration in this matter.

4. I have also obtained, either from the United States Attorney's Office in the District of Columbia or from printing documents from the PACER system, copies of the following: (a) Supplemental Declaration of Carol L. Keeley, Assistant Section Chief, Record/Information Dissemination Section, Records Management Division, FBI Headquarters, filed July 25, 2003 (copy attached hereto as Exhibit F); (b) Second Supplemental Declaration of Ms. Keeley, filed August 25, 2003 (copy attached hereto as Exhibit G); (c) Declaration of Nicholas F. McKean, Special Agent of the FBI, Chief Division Counsel, San Diego Division, filed August 25, 2003 (copy attached hereto as Exhibit H); (d) Defendant's Status Report and Motion to Extend Time, filed September 25, 2003 (copy attached hereto as Exhibit I); and (e) Order, filed September 29, 2003, granting extension of time until October 27, 2003, for Defendant to file further substantive pleadings addressing contentions raised by Plaintiff (copy attached hereto as Exhibit J).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATE: 10/3/03                    _____
                                              BETH L. LEVINE

2

# U.S. District Court
## District of Columbia (Washington, DC)
### CIVIL DOCKET FOR CASE #: 1:03-cv-00112-RJL

PINNAVAIA v. FEDERAL BUREAU OF INVESTIGATION

| | |
|---|---|
| Assigned to: Richard J. Leon | Date Filed: 01/24/03 |
| Referred to: | Jury Demand: None |
| Demand: $ | Nature of Suit: 895 Freedom of Information Act |
| Lead Docket: None | |
| Related Cases: None | Jurisdiction: U.S. Government Defendant |
| Case in other court: None | |
| Cause: 05:552 Freedom of Information Act | |

**Plaintiff**
-----------------------

**MATTHEW D. PINNAVAIA**    represented by    **MATTHEW D. PINNAVAIA**
1701 Bush Street
6-P
Oceanside, CA 92054
(760) 966-1335
PRO SE

V.

**Defendant**
-----------------------

**FEDERAL BUREAU OF INVESTIGATION**    represented by    **Claire M. Whitaker**
UNITED STATES ATTORNEY'S OFFICE
555 4th Street, NW
Washington, DC 20816
(202) 514-7137
Fax : (202) 514-8780
Email: claire.whitaker@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**UNITED STATES DEPARTMENT OF JUSTICE**
*TERMINATED: 04/09/2003*    represented by    **Claire M. Whitaker**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 01/24/2003 | 1 | COMPLAINT against FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE, filed by MATTHEW |

EXHIBIT E

Case 3:03-cv-00961-JAH-JMA   Document 12   Filed 10/6/03   Page 8 of 48

| | | D. PINNAVAIA.(mpt, ) (Entered: 01/28/2003) |
|---|---|---|
| 01/24/2003 | | SUMMONS (3) Issued as to FEDERAL BUREAU OF INVESTIGATION ; UNITED STATES DEPARTMENT OF JUSTICE, U.S. Attorney and U.S. Attorney General (mpt, ) (Entered: 01/28/2003) |
| 01/24/2003 | 2 | MOTION for Leave to Proceed in forma pauperis by MATTHEW D. PINNAVAIA. (mpt, ) (Entered: 01/28/2003) |
| 01/24/2003 | 3 | ORDER granting 2 Motion for Leave to Proceed in forma pauperis and granting Motion for Reconsideration originally filed in Miscellaneous No. 21. Signed by Judge Emmet G. Sullivan on 1/24/03. (mpt, ) (Entered: 01/28/2003) |
| 01/30/2003 | 4 | MOTION for Leave to File Amended Complaint by MATTHEW D. PINNAVAIA. (Attachments: # 1 (EXHIBIT) AMENDED COMPLAINT, (2) Exhibit 1)(mpt, ) (Entered: 02/04/2003) |
| 02/10/2003 | | Case Reassigned to Judge Richard J. Leon. Judge Ellen S. Huvelle no longer assigned to the case. (mpt, ) (Entered: 02/10/2003) |
| 03/03/2003 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the US Attorney. FEDERAL BUREAU OF INVESTIGATION served on 2/28/2003, answer due 4/29/2003; UNITED STATES DEPARTMENT OF JUSTICE served on 2/28/2003, answer due 4/29/2003 (nmw, ) (Entered: 03/04/2003) |
| 03/10/2003 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. FEDERAL BUREAU OF INVESTIGATION served on 3/10/2003, answer due 5/9/2003. (nmw, ) (Entered: 03/11/2003) |
| 03/11/2003 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on Attorney General. (nmw, ) (Entered: 03/12/2003) |
| 03/31/2003 | 8 | MOTION for Extension of Time to File Answer by FEDERAL BUREAU OF INVESTIGATION. (Whitaker, Claire) (Entered: 03/31/2003) |
| 04/07/2003 | 9 | ORDER granting 8 MOTION for Extension of Time, until 5/1/03 to File Answer or otherwise respond by FEDERAL BUREAU OF INVESTIGATION re 1 Complaint . Signed by Judge Richard J. Leon on 4/4/03. (whb, ) (Entered: 04/07/2003) |
| 04/09/2003 | 10 | ORDER granting 4 MOTION for Leave to File Amended Complaint by MATTHEW D. PINNAVAIA. The clerk shall file the amended complaint submitted with plaintiff's motion together with the attached exhibit 1. Defendant's motion to extend time (DKT. # 8) is granted and defendant shall file a response to the amended complaint on or before 5/1/03. Signed by Judge Richard J. Leon on 4/8/03. (whb, ) (Entered: 04/09/2003) |

E-2

| 04/09/2003 | 11 | AMENDED COMPLAINT against FEDERAL BUREAU OF INVESTIGATION , filed by MATTHEW D. PINNAVAIA. (Attachments: # 1 Exhibit 1)(nmw, ) (Entered: 04/10/2003) |
| 04/10/2003 | 12 | RESPONSE (Opposition) to defendant's Motion to Extend Time 8 filed by MATTHEW D. PINNAVAIA. (Attachments: # 1 Exhibit 1)(nmw, ) (Entered: 04/11/2003) |
| 05/01/2003 | 13 | MOTION for Extension of Time to File Answer re 11 Amended Complaint by FEDERAL BUREAU OF INVESTIGATION. (Attachments: # 1)(Whitaker, Claire) (Entered: 05/01/2003) |
| 05/30/2003 | 14 | MOTION for Extension of Time to File *defendant's Vaughn Index and dispositive motion* by FEDERAL BUREAU OF INVESTIGATION. (Attachments: # 1 # 2)(Whitaker, Claire) (Entered: 05/30/2003) |
| 06/04/2003 | 15 | ORDER granting 13 MOTION for Extension of Time to File Answer re 11 Amended Complaint by FEDERAL BUREAU OF INVESTIGATION Signed by Judge Richard J. Leon on 5/28/03. (whb) (Entered: 06/04/2003) |
| 06/05/2003 | 16 | ORDER granting, Docket Entry #(13)and 14 MOTION for Extension of Time to File defendant's Vaughn Index and dispositive motion by FEDERAL BUREAU OF INVESTIGATION, on or before July 7, 2003 . Signed by Judge Richard J. Leon on 6/3/03. (whb) (Entered: 06/05/2003) |
| 06/13/2003 | 17 | Civil Statement re: the position of plaintiff and to address the statement of assumption of the Court concerning plaintiff regarding Order of the Court of 6/3/03 from plaintiff Matthew D. Pinnavaia. (nmw, ) (Entered: 06/16/2003) |
| 07/07/2003 | 18 | MOTION for Extension of Time to File *defendant's Vaughn Index and dispositive motion* by FEDERAL BUREAU OF INVESTIGATION. (Attachments: # 1)(Whitaker, Claire) (Entered: 07/07/2003) |
| 07/14/2003 | 19 | ORDER granting 18 MOTION for Extension of Time to File defendant's Vaughn Index and dispositive motion by FEDERAL BUREAU OF INVESTIGATION. Defendant shall have to and including 7/21/03, to file a Motion for Summary Judgment and Plaintiff shall have to and including 8/21/03 to respond, any reply by defendant will be filed in accordance with the Rules of this Court. Signed by Judge Richard J. Leon on 7/12/03. (whb) (Entered: 07/14/2003) |
| 07/21/2003 | 20 | MOTION for Summary Judgment by FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Attachment A - Declaration of Carol L. Keeley# 2 Attachment B - Proposed Order# 3 Exhibit J to Keeley Declaration)(Whitaker, Claire) (Entered: 07/21/2003) |

E-3

10/3/2003 10:27 AM

| | | |
|---|---|---|
| 07/22/2003 | 21 | MOTION to Seal *exhibits to Keeley declaration filed on 7/21/03 with motion for summary judgment* by FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE. (Whitaker, Claire) (Entered: 07/22/2003) |
| 07/25/2003 | 22 | MOTION for Extension of Time to File *Vaughn Index or Status Report* by FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Supplemental Declaration of Carol Keeley with exhibits)(Whitaker, Claire) (Entered: 07/25/2003) |
| 07/31/2003 | 23 | Memorandum in opposition to motion re 20 for Summary Judgment filed by MATTHEW D. PINNAVAIA. (Attachments: # 1 Exhibit 1)(mpt, ) (Entered: 08/05/2003) |
| 08/11/2003 | 24 | First MOTION for Extension of Time to File Response/Reply as to 23 Memorandum in Opposition *defendant's motion for summary judgment* by FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Text of Proposed Order)(Whitaker, Claire) (Entered: 08/11/2003) |
| 08/14/2003 | 25 | ORDER granting 22 Motion for Extension of Time to File, a Vaughn Index or a status report concerning the FBI Headquarters requested and cross reference filies it has located in this Freedom of Information Act case, to and including 8/25/03, granting 24 Motion for Extension of Time to File Response/Reply to Plaintiff's motion of response to Defendant's motion for Summary Judgement of (sic) of July 21, 2003 . Signed by Judge Richard J. Leon on 8/13/03. (whb) (Entered: 08/14/2003) |
| 08/25/2003 | 26 | Second MOTION for Extension of Time to File *Reply to Plaintiff's Opposition and Partial Motion for Summary Judgement* by FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Attachment 1 - Declaration of Carol Keeley# 2 Attachment 2 - Declaration of Nick McKean# 3 Proposed Order)(Whitaker, Claire) (Entered: 08/25/2003) |
| 08/27/2003 | 27 | ORDER granting 26 MOTION for Extension of Time to File Reply to Plaintiff's Opposition and Partial Motion for Summary Judgement by FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE.RESPONSE DUE 9/25/03. Signed by Judge Richard J. Leon on 8/26/03. (whb) (Entered: 08/27/2003) |
| 09/25/2003 | 28 | MOTION for Extension of Time to *Response and file motion for summary judgment and report to the Court* by FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Text of Proposed Order)(Whitaker, Claire) (Entered: 09/25/2003) |
| 09/30/2003 | 30 | ORDER denying 21 MOTION to Seal exhibits to Keeley declaration filed |

E-4

10/3/2003 10:27 AM

| | | on 7/21/03 with motion for summary judgment by FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE. Signed by Judge Richard J. Leon on 9/30/03. (whb) (Entered: 10/01/2003) |
|---|---|---|
| 10/01/2003 | 29 | ORDER granting 28 MOTION for Extension of Time to Response and file motion for summary judgment and report to the Court by FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE. Signed by Judge Richard J. Leon on 9/29/03. Defendant's shall have up to 10/27/03 to respond. (whb) (Entered: 10/01/2003) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/03/2003 12:48:36 | | | |
| PACER Login: | us8001 | Client Code: | |
| Description: | Docket Report | Case Number: | 1:03-cv-00112-RJL |
| Billable Pages: | 3 | Cost: | 0.21 |

E-5

10/3/2003 10:27 AM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW D. PINNAVAIA,                    )
                                         )
        Plaintiff,                       )
                                         )
    v.                                   )   Civ. Action No. 03-CV-112 (ESH)
                                         )
FEDERAL BUREAU OF                        )
    INVESTIGATION, et al.,               )
                                         )
        Defendants.                      )
                                         )

## SUPPLEMENTAL DECLARATION OF CAROL L. KEELEY

I, Carol L. Keeley, declare as follows:

(1)    I am currently an Assistant Section Chief in the Record/Information

Dissemination Section ("RIDS"), Records Management Division ("RMD"), at the Federal Bureau

of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since

November 3, 2002. Prior to that, from February 26, 1997 to November 2, 2002, I was assigned

as Unit Chief of the Historical and Executive Review Unit, initially in the Office of Public and

Congressional Affairs and subsequently in RMD, at FBIHQ. I have been employed by the FBI

since May 23, 1976.

(2)    In my current capacity as Assistant Section Chief, I supervise the Freedom of

Information/Privacy Acts ("FOIPA") Litigation Support Unit. The statements contained in this

declaration are based upon my personal knowledge, upon information provided to me in my

official capacity, and upon conclusions and determinations reached and made in accordance

therewith.

EXHIBIT F

(3)     Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information from its files pursuant to the provisions of

5 U.S.C. § 552, commonly known as the Freedom of Information Act ("FOIA"), and 5 U.S.C.

§ 552a, commonly known as the Privacy Act of 1974.

(4)     On July 21, 2003, I submitted the First Declaration of Carol L. Keeley ("First

Keeley Declaration") with the Court, which addressed only Mr. Pinnavaia's request for records

concerning himself located in the San Diego Field Office ("SDFO") of the FBI.[1]  This declaration

supplements the First Keeley Declaration and addresses plaintiff's additional requests to FBIHQ

and the FBI's New York Field Office ("NYFO").  More specifically, this declaration provides the

Court and plaintiff with an explanation of its search for records responsive to his request for

records at FBIHQ which resulted in no main files being located.  Furthermore, on April 7, 2003,

plaintiff filed an opposition to defendant's motion for enlargement of time and alleged that

FBIHQ maintained records responsive to his request because documents released by the SDFO

reference FBIHQ file number "62C-HQ-1077231, serial 9869."[2]  (See Pl.'s Opp'n to Def.'s Mot.

---

[1] Plaintiff submitted his request to the SDFO on May 21, 2002. (See First Keeley Decl. ¶ 6). 28 C.F.R. § 16.3 (2002) provides that requesters must submit FOIA requests directly to the field office that the requester believes maintains responsive records. (See id.)  In accordance with this regulation, plaintiff also filed FOIA requests with the New York Field Office ("NYFO") of the FBI, and the Baltimore Field Office ("BFO") of the FBI.  Although these requests are not at issue in this action, the NYFO request will be addressed infra at ¶ 14.

[2] Defendant filed its Motion for Enlargement of Time with the Court on March 31, 2003.  The SDFO released responsive documents to plaintiff on August 29, 2002. (See First Keeley Decl. ¶ 10).

-2-

F-2

for Enlargement of Time ¶ 5).  This supplemental declaration also addresses the allegations that

plaintiff raised regarding FBI file number "62C-HQ-1077231, serial 9869."[3]

### CORRESPONDENCE RELATED TO PLAINTIFF'S FBIHQ REQUEST

(5)      By letter dated May 21, 2002, plaintiff submitted a FOIA/Privacy Act request to

FBIHQ for records concerning him.  (See Exhibit **A**).

(6)      By letter dated June 6, 2002, FBIHQ requested additional background information

necessary to conduct a search of FBI records.  Plaintiff responded to FBIHQ's request for

additional information on June 11, 2002.  (See Exhibit **B**).

(7)      By letter dated June 27, 2002, FBIHQ acknowledged receipt of plaintiff's request

and advised that his request was assigned FOIPA Number 963785.  (See Exhibit **C**).

(8)      By letter dated July 17, 2002, FBIHQ advised plaintiff that based on information

he furnished, a search of the automated indices to the Central Records System ("CRS")[4] files

located no main files responsive to his request.[5]  FBIHQ provided plaintiff instructions on how to

file an administrative appeal.  (See Exhibit **D**).

(9)      By letter dated July 29, 2002, plaintiff appealed the FBI's July 17, 2002, "no

records" response to the U.S. Department of Justice, Office of Information and Privacy ("OIP").

(See Exhibit **E**).

---

[3] Plaintiff raises a number of additional allegations which are addressed below at
¶¶ 16-17, infra.

[4] On July 21, 2003, the FBI provided this court with a full description of its
Central Records System.  (See First Keeley Decl. ¶¶ 16-20.)

[5] Although the FBIHQ search failed to locate main files responsive to his request,
FBIHQ's search did locate four "cross references."  The located "cross references" are discussed
in detail at ¶¶12-15, infra.

F-3

(10)   By letter dated August 23, 2002, OIP acknowledged receipt of plaintiff's

administrative appeal and assigned his appeal number 02-3080. (See Exhibit F).

(11)   By letter dated August 23, 2002, OIP advised plaintiff that it had determined that

the FBI's response was correct.  OIP also advised plaintiff that he could seek judicial review in

accordance with 5 U.S.C. § 552 (a)(4)(B).  (See Exhibit G).

## CROSS REFERENCES RESPONSIVE TO PLAINTIFF'S REQUEST

(12)   As mentioned above, in his opposition to defendant's motion for enlargement of

time, plaintiff alleged that FBIHQ maintains responsive records because documents released by

the SDFO reference FBI file number "62C-HQ-1077231, serial 9869." (See Pl.'s Opp'n to Def.'s

Mot. for Enlargement of Time ¶ 6).  After learning of plaintiff's allegations, the FBI conducted a

search which resulted in the location of one FBIHQ "cross reference" serial entitled

Miscellaneous-Other, file number "62F-HQ-1077231, serial 9869."[6]  At the administrative level,

plaintiff was not advised that FBIHQ maintained a "cross reference" file because the FBI's policy

is to search for and identify main files responsive to FOIA requests during the initial request

stage.  In cases where the requester appeals the FBI's "no main files" determination to OIP, or

specifically requests that the FBI conduct a "see reference" or "cross reference" search, the FBI

will then conduct a search for "cross references."

(13)   In this case, although plaintiff appealed the FBI's determination, the FBI failed to

advise the requester that it had located the "cross reference."  In an attempt to remedy this

---

[6]  It should be noted that the FBI's search located file number "62F-HQ-1077231,
serial 9869" and not the file number "62C-HQ-1077231, serial 9869" which plaintiff cites in his
opposition to defendant's motion for an enlargement of time.  (See Pl.'s Opp'n to Def.'s Mot. for
Enlargement of Time ¶ 6).  It has been determined that FBI file number "62C-HQ-1077231,
serial 9869" to which plaintiff cites does not exist.

F-4

oversight, the FBI recently conducted a search for "cross references." The FBI has learned that the "cross reference" serial is a letter dated October 21, 1996 that the FBI sent to plaintiff thanking him for providing the FBI with a proclamation. The FBI has not been able to locate a physical copy of the letter even though it has attempted to call the file so that it could process the document for release to plaintiff. At this time, because the FBI is not able to review the actual document, the exact content of the letter is not known. The FBI's records system only contains a general description of the document. Consequently, the FBI has placed the file on "special locate status." The FBI is using every available tool at its disposal to locate the "cross reference" serial. As soon as the FBI locates this serial, it will process the document for release to plaintiff, and will advise the Court and plaintiff accordingly.

(14)   Further, after learning of the existence of the aforementioned "cross reference" serial, the FBI conducted an additional search on July 23, 2003 to determine whether there were additional "cross-references" responsive to plaintiff's FOIA/Privacy Act request. During this search, the FBI located two "cross reference" serials in NYFO files. Both of the files are located in the NYFO. On October 11, 2002, plaintiff submitted a FOIA/Privacy Act request to the NYFO of the FBI. On October 23, 2002, the NYFO advised the requester that it could not locate any main files responsive to his request. Plaintiff did not appeal the NYFO's determination on the records.[7] According to the FBI's internal processing guidelines, if plaintiff had appealed the FBI's

---

[7]   The FBI searched its FOIPA Document Processing System ("FDPS") to determine whether plaintiff had appealed the NYFO October 23, 2002 response. FDPS tracks all FOIA requests made to FBIHQ and FBI field offices. The FBI could not locate any such record. In addition, the FBI telephonically contacted the NYFO to determine whether the NYFO had a record of plaintiff filing an appeal. The NYFO advised that it does not have any record of plaintiff appealing its October 23, 2002 response.

F-5

determination or indicated that he wanted a "cross reference" or "see reference" search in his

initial request, the FBI NYFO would have conducted a search for "cross references" and processed

any responsive documents for release to plaintiff. Here, however, because plaintiff neither

appealed the NYFO's determination, nor advised the NYFO that he wanted a search for "cross

references," he was not advised of the existence of the two "cross reference" serials. Nevertheless,

in this case, contrary to its internal processing guidelines, and in an effort to demonstrate to

plaintiff and the Court that it is operating in good-faith, the FBI will process the two NYFO "cross

reference" serials for release to plaintiff. The FBI will release documents to plaintiff as soon as it

completes processing and will advise the Court when it has released the "cross references" to

plaintiff.

(15)    In addition, during the aforementioned "cross-reference" search, the FBI located

one "cross-reference" serial (serial 49) in SDFO file number 9B-SD-63470. As mentioned above,

the FBI's policy is to search for and identify main files responsive to FOIA requests during the

initial request stage. In this case, plaintiff submitted a FOIA request to the SDFO on May 21,

2002. (See First Keeley Decl. ¶ 6.) The SDFO's search located one main file, number 9B-SD-

63470, which was processed and released to plaintiff on August 29, 2002.[8] (See id. ¶ 10).

Plaintiff appealed the SDFO's determination to OIP on September 25, 2002. (See id. ¶ 11).

According to the FBI's internal processing guidelines, the FBI would not have processed the cross-

references (even though plaintiff appealed the SDFO's action) because the SDFO located and

---

[8] The SDFO's response to plaintiff's request is fully addressed in the First Keeley
Declaration. (See id. ¶¶ 20-72).

F-6

processed a main file that was responsive to plaintiff's request.[9]  Nevertheless, once again, contrary to its internal processing guidelines, and in an effort to demonstrate to plaintiff and the Court that it is operating in good-faith, the FBI will process the SDFO "cross reference" serial for release to plaintiff.  The FBI will release documents to plaintiff as soon as it completes processing and will advise the Court when it has released the SDFO "cross reference" serial to plaintiff.

(16)     Lastly, Plaintiff also alleges that the Economic Crimes Unit of the FBI maintains records responsive to his request because the SDFO released documents that reference the Economic Crimes Unit.  (See Pl.'s Opp'n to Def.'s Mot. for Enlargement of Time ¶ 6 & Ex. 1.) Plaintiff is mistaken in this belief.  Any FOIA request that plaintiff would have submitted to the Economic Crimes Section at FBIHQ would have been referred to the RIDS for processing.  RIDS handles all FOIA/Privacy Act requests for FBI records located at FBIHQ.  In this case, the FBI does not have any record that demonstrates that plaintiff submitted a FOIA request to the Economic Crimes Unit at FBIHQ.  In addition, if plaintiff submitted a FOIA request to the Economic Crimes Squad at the SDFO, the SDFO would have referred the FOIA request to its FOIPA personnel.  The SDFO likewise does not have a record that plaintiff submitted a FOIA request to the Economic Crimes Squad at the SDFO.

(17)     Furthermore, plaintiff alleges that the FBI maintains records at the American Embassy-London and the New Scotland Yard.  (See Pl.'s Opp'n to Def.'s Mot. for Enlargement of Time ¶ 6).  If plaintiff seeks records from the American Embassy at London, plaintiff should make a FOIA request to the State Department.  Furthermore, if plaintiff seeks records from New

---

[9]  Plaintiff did not specifically request that the SDFO conduct a cross-reference search.  (See id ¶ 11 & Ex. F).

Scotland Yard, plaintiff should request information from the New Scotland Yard directly. It should be noted however, that the SDFO did release documents to plaintiff authored by the FBI's London Legal Attache, addressed to New Scotland Yard. (See First Keeley Decl. ¶¶ 62, 69-70 & Pinnavaia pages 83-85, 201-203.)

F-8

Pursuant to 28 U.S.C. § 1746, I declare the foregoing to be true and correct, and that

Exhibits A through G attached hereto are true and correct copies.

Executed this _____ day of July, 2003.


_Carol L Keeley_
CAROL L. KEELEY
Assistant Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

F-9

# EXHIBIT A

F-10

Matthew D. Pinnavaia
1701 Bush Street 6-P
Oceanside  CA  92054 7137
(Tel. & Telefax. ) 760 966 1335}

May 21, 2002.

# Federal Bureau Of Investigation
U.S. Department of Justice
935 Pennsylvania Ave NW
Washington  DC  20535 0001

Re: Privacy Act Request for Records.

This is a request under the Privacy Act of 1974. I request
a copy of any, and or, all records pertaining to the federal
matter of Federal Bureau of Investigation (FBI) case # '01
mg 1902, pertaining to myself, Matthew D. Pinnavaia, an American
citizen, which are maintained at the U.S. Department of Justice
(DOJ), and or, which are maintained at the FBI. And I request
a copy of any, and or, all records of FBI Special Agent,
Victor Cockrell, FBI Special Agent Craig A. Porter, and U.S.
Attorney Jill Burkhardt, which pertain to FBI case # '01 mg 1902.

Please consider that this request is also made under the
Freedom Of Information Act (FOIA). Please provide any additional
information that may be available under the FOIA.

Enclosed is an identifying document that will verify my
identity. [CA. Driver License]

Please estimate the fees for this request and state the
approximate total sum for this FOIA/PA-Request.

Thank you,

Matthew D. Pinnavaia

F-11

# EXHIBIT B



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D C. 20535-0001

June 6, 2002

Mr. Matthew D. Pinnavaia
Apartment 6-P
1701 Bush Street
Oceanside, CA 92054-7137

Dear Requester:

    Your letter asking for records maintained by the FBI concerning yourself is being returned to you. It did not contain all of the items and background information needed by the FBI in order to conduct an accurate search of FBI records. Please provide the following information.

Your Complete Name: *MATTHEW     DAVID     PINNAVAIA*
                     First          Middle          Last

Your Current Address: *1701     BUSH    ST   6-P*
                      Number                    Street

*OCEANSIDE     CA     92054  7137*
City            State        Zip Code

Your Date of Birth: *5*          *20*          *58*
                    Month        Day          Year

Your Place of Birth: *HUNTINGTON          NY*
                     City                   State

☒   In addition, we ask that you provide your notarized signature, using the reverse side of this letter or a separate form. In lieu of a notarized signature, you may submit a declaration pursuant to Title 28, United States Code, Section 1746.

☐   The notarized signature or declaration you have already provided is sufficient.

    The above information is necessary to conduct an accurate search of FBI records, as well as to ensure that documents are released only to an individual with a right of access to the information. Please feel free to provide any additional information, such as previous addresses, employment, alias, etc., which you believe may assist the FBI in locating the information you seek. Furnishing false information will subject a requester to criminal penalties.

    Providing your daytime phone number is not required but could assist the FBI's efforts to promptly respond to your request ( *760* ) *966* - *1335*

                                    Sincerely yours,

                                    *Robert a. Moran* cm

                                    Robert A. Moran., Acting Section Chief
                                    Freedom of Information-
                                     Privacy Acts Section
                                    Records Management Division

**All attached correspondence must be returned to the FBI with this letter**

F-13

Subscribed and sworn to before me, this _____ day of _____, of the
year_____.

Signature of Notary: _____

Expiration Date of Commission:

_____

Notary Seal or Stamp

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DECLARATION

I swear or affirm under penalty of perjury that I am _MATTHEW DAVID PINNAVAIA_

Date of Birth _5-20-58_     Place of Birth _HUNTINGTON   NY_

Current Address _1701 BUSH ST 6-P, OCEANSIDE, CA 92054-7137_

This declaration is submitted in lieu of my notarized signature pursuant to Title 28, United States Code (U.S.C.),
Section 1746.

I certify that I am the person named above and I understand that any falsification of this statement is punishable
under the provisions of Title 18, U.S.C., Section 1001 by a fine of not more than $10,000 or by imprisonment of not more
than five years, or both; and that knowingly and willfully requesting or obtaining any record(s) concerning an individual
under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(1)(3) as a misdemeanor and by a
fine of not more than $5,000.

Signature _Matthew David Pinnavaia_ Date _6-11-03_

F-14

# EXHIBIT C

F-15



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

MR MATTHEW DAVID PINNAVAIA
APARTMENT #6-P                                    JUNE 27, 2002
1701 BUSH STREET
OCEANSIDE, CA 92054 7137

Request No.: 0963785- 000
Subject:PINNAVAIA, MATTHEW DAVID

Dear Requester:

☒   This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request
to the FBI. The FOIPA number listed above has been assigned to your request.

☐   For an accurate search of our records, please provide the complete name, alias, date
and place of birth for the subject of your request. Any other specific data you could
provide such as prior addresses, or employment information would also be helpful. If
your subject is deceased, please include date and proof of death.

☐   To make sure information about you is not released to someone else, we require your
notarized signature or, in place of a notarized signature, a declaration pursuant to Title
28, United States Code 1746. For your convenience, the reverse side of this letter
contains a form which may be used for this purpose.

☐   If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for
your arrest record, please follow the enclosed instructions in Attorney General Order
556-73. You must submit fingerprint impressions so a comparison can be made with
the records kept by CJIS. This is to make sure your information is not released to an
unauthorized person.

☐   We are searching the indices to our central records system at FBI Headquarters for the
information you requested, and will inform you of the results as soon as possible.

☐   Processing delays have been caused by the large number of requests received by the
FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all
correspondence with us. Your patience is appreciated.

Sincerely yours,

*Robald Mos*

Robert A. Moran
Acting Section Chief,
Freedom of Information-
Privacy Acts Section
Records Management Division

F-16

# EXHIBIT D



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

MR MATTHEW DAVID PINNAVAIA
APARTMENT #6-P
1701 BUSH STREET
OCEANSIDE, CA 92054 7137

July 17, 2002

Request No.: 0963785- 000
Subject: PINNAVAIA, MATTHEW DAVID

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

Based on the information furnished, a search of the automated indices to our central records system files at FBI Headquarters located no records responsive to your FOIPA request to indicate you and/or the subject(s) of your request have ever been of investigatory interest to the FBI. The automated indices is an index to all records created since January I, 1958, in security, applicant, and administrative matters, as well as to all records created since January 1, 1973, in criminal matters.

If you have reason to believe records responsive to your request exist prior to the above dates, you will have to request another search. In order to respond to our many requests in a timely manner, our focus is to identify responsive records in the automated indices that are indexed as main files. A main index record carries the names of subjects of FBI investigations.

Although no main file records responsive to your FOIPA request were located in our automated indices, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U. S. Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530, within 60 days from receipt of this letter. The envelope and the letter should be clearly marked "Information Appeal." Please cite the FOIPA request number assigned to your request so that it may easily be identified.

Sincerely yours,

Robert A. Moran
Acting Section Chief
Freedom of Information-
 Privacy Acts Section
Records Management Division

UF-18

# EXHIBIT E

rec'd·8·b

02-3080

PA
(A)
FBI
HQ

norec ?
See Comment

Matthew D  Pinnavaia
1701 Bush Street 6-P
Oceanside  CA  92054 7137
(Tel. & Telefax. ) 760 966 1335)

July 29, 2002.

Co-Director
Office of Information and Privacy
U S. Department of Justice
Suite 570
Flag Bldg
Washington  DC  20530
(Information Appeal)

<u>Request No. 0963785-000/Subject Pinnavaia, Matthew David</u>

Co-Director:

     This is an appeal under the Freedom of Information Act (FOIA).

     On May 21, 2002, I requested documents under the FOIA. My
request was assigned the following identification number:
0963785-000. On July 17, 2002, I received a response to my
request in a letter signed by Mr. Robert A. Moran.

     I am filing this FOIA-Appeal, because, although document-
records have been located at the Federal Bureau of Investigation
(FBI) San Diego, CA., office pertaining to the FBI-Case
#'01 mg 1902, I do believe that there may have been
communications between FBI Washington Headquarters and the
FBI San Diego office concerning this FBI-Case.

                    Thank      you,

Matthew D. Pinnavaia

AUG 6 C 2002

F-2D

# EXHIBIT F



**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone (202) 514-3642_                    _Washington, D C 20530_

                                              AUG **23** 2002

Mr Matthew D Pinnavaia
Apartment 6-P
1701 Bush Street
Oceanside, CA 92054-7137

     Re·   FOI/PA No 963785

Dear Mr. Pinnavaia·

    This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on August 6, 2002

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt   Your appeal has been assigned number **02-3080**.  Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can   The necessity of this delay is regretted and your continuing courtesy is appreciated.

                  Sincerely,

                  Priscilla Jones

                  Priscilla Jones
                  Acting Chief, Administrative Unit

FBI

F-22

# EXHIBIT G



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

Mr. Matthew D. Pinnavaia                Re:   Appeal No. 02-3080
Apartment 6-P                                 FBI No. 0963785
1701 Bush Street                              RLH:ADW:ERW
Oceanside, CA  92054-7137

Dear Mr. Pinnavaia:

    You appealed from the action of the Headquarters Office of the
Federal Bureau of Investigation on your request for access to records
concerning you.

    After carefully considering your appeal, I have decided to
affirm the FBI's action on your request.

    The FBI Headquarters informed you that it could locate no
records responsive to your request.  It has been determined that the
FBI's response is correct.

    If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                    Sincerely,


                    Richard L. Huff
                    Co-Director



Unassigned

F-24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW D. PINNAVAIA,                    )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )      Civ. Action No. 03-CV-112 (ESH)
                                         )
FEDERAL BUREAU OF                        )
    INVESTIGATION, et al.,               )
                                         )
            Defendants.                  )
                                         )

## SECOND SUPPLEMENTAL DECLARATION OF CAROL L. KEELEY

I, Carol L. Keeley, declare as follows:

(1)      I am currently an Assistant Section Chief in the Record/Information Dissemination

Section ("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation

Headquarters ("FBIHQ") in Washington, D.C. I have held this position since November 3, 2002.

Prior to that, from February 26, 1997 to November 2, 2002, I was assigned as Unit Chief of the

Historical and Executive Review Unit, initially in the Office of Public and Congressional Affairs and

subsequently in RMD, at FBIHQ. I have been employed by the FBI since May 23, 1976.

(2)      In my current capacity as Assistant Section Chief, I supervise the Freedom of

Information/Privacy Acts ("FOIPA") Litigation Support Unit. The statements contained in this

declaration are based upon my personal knowledge, upon information provided to me in my official

capacity, and upon conclusions and determinations reached and made in accordance therewith.

*Attachment 1*

EXHIBIT G

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the

FBI in responding to requests for information from its files pursuant to the provisions of

5 U.S.C. § 552, commonly known as the Freedom of Information Act ("FOIA"), and 5 U.S.C.

§ 552a, commonly known as the Privacy Act of 1974.

(4)     On July 21, 2003, I submitted the First Declaration of Carol L. Keeley ("First Keeley

Declaration") with the Court, which addressed Mr. Pinnavaia's request for records concerning himself

located at the San Diego Field Office ("SDFO") of the FBI.  On July 25, 2003, I submitted the

"Supplemental Declaration of Carol L. Keeley" which addressed plaintiff's additional requests to

FBIHQ and the FBI's New York Field Office ("NYFO").  More specifically, the declaration provided

the Court and plaintiff with an explanation of its search for records responsive to his request for records

at FBIHQ.  (See Supplemental Keeley Declaration ¶¶ 4, 12-16.)  Furthermore, the declaration

addressed the allegations that plaintiff raised in his opposition to defendant's motion for enlargement of

time.[1]  (See Pl.'s Opp'n to Def.'s Mot. for Enlargement of Time ¶ 5).  Specifically, plaintiff alleged that

FBIHQ maintained records responsive to his request because documents released by the SDFO

referenced FBIHQ file number "62C-HQ-1077231, serial 9869."  (See id.)  The supplemental

declaration advised the Court and plaintiff that file number 62C-HQ-1077231, serial 9869, is a cross-

reference which the FBI placed on "special locate status."  The FBI further advised that it was

attempting to retrieve the file so that it could process the file for release to plaintiff.  Lastly, the FBI

---

[1]  Defendant filed its Motion for Enlargement of Time with the Court on March 31,
2003.  The SDFO released responsive documents to plaintiff on August 29, 2002.  (See First Keeley
Decl. ¶ 10).

G-2

advised that it had located two cross-reference files at the NYFO, and that it was in the process of

retrieving the file for processing. The FBI is now filing the Second Supplemental Keeley Declaration so

that it can provide the Court and plaintiff with the status of the FBI's search for the file on "special

locate status," and the retrieval of the two cross-reference files it located at the NYFO.

### CROSS-REFERENCE FILE ON "SPECIAL LOCATE"

(5)     As we advised in the Supplemental Keeley Declaration, cross-reference file number

"62-HQ-1077231," serial is a letter dated October 21, 1996, that the FBI sent to plaintiff thanking him

for providing the FBI with a proclamation. (See Supplemental Keeley Declaration ¶¶ 12-13.)

Although it has tried to locate this file, the FBI is still not able to locate a physical copy of the letter. As

soon as the FBI locates this serial, it will process the document for release to plaintiff, and will advise

the Court and plaintiff accordingly.

### CROSS-REFERENCE FILES AT NYFO

(6)     Likewise, although the FBI has diligently attempted to retrieve the two NYFO cross

reference files, to date, the FBI has not been able to retrieve the files. As soon as the cross-references

have been retrieved, the FBI will process the files for release to plaintiff. The FBI apologizes for any

inconvenience the FBI's inability to retrieve the aforementioned files has caused.

(7)     In addition, on July 28, 2003, plaintiff filed "Plaintiff's Motion In Response to

Defendant's Motion for Summary Judgment" on July 23, 2003, and "Plaintiff's Affidavit to Show that

there is a Genuine Issue for Trial" (hereinafter collectively "Plaintiff's Motion Response"). In Plaintiff's

Motion Response, plaintiff sought the return of "work product" documents that were seized from him by

-3-

G-3

the FBI.  (See Plantiff's Motion Response at 2-3.)  After learning of the allegations plaintiff raised in his

motion response, the SDFO conducted a search for plaintiff's "work product"documents.  The SDFO

located plaintiff's "work product" documents in the SDFO's Evidence Room.  Although documents

located in the SDFO's Evidence Room are technically a part of plaintiff's official investigative file while

the investigation is pending, once the investigation is closed, those materials in the SDFO's Evidence

Room should be returned to the originator of the documents.  As a result, these documents are no

longer available through the FOIA since the investigation has been completed.


Pursuant to 28 U.S.C. § 1746, I declare the foregoing to be true and correct.

Executed this _25th_ day of August, 2003.



CAROL L. KEELEY
Assistant Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

G-4

AUG-24-2003  14:41          IA, LEGAL, TRAINING                    8584997916    P.02

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


MATTHEW D. PINNAVAIA,                    )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )          C.A. No. 03-112 (ESH)
                                         )
FEDERAL BUREAU OF INVESTIGATION,         )
                                         )
              Defendant.                 )
_____)


## DECLARATION


I, Nicholas F. McKean, declare as follows:


1). I am a Special Agent of the Federal Bureau of Investigation (FBI), assigned to the San Diego Division, and currently hold the position of Chief Division Counsel in that Division.

2). Due to the nature of my official duties, I am responsible for the supervision of paralegal specialists assigned to the San Diego Division who respond to requests for information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Also, I am responsible to assist the Assistant United States Attorney representing the interests of the FBI and the United States Government in the above-captioned matter. This declaration is based upon information that I am aware of or have been advised.

3). The plaintiff of this case was the subject of an investigation (9B-SD-63470) in which the plaintiff was alleged to have attempted to extort DeBeers Consolidates Mines, Ltd., and other companies by threatening a multi-million dollar class action law suit on behalf of Holocaust victims against them. In connection with this investigation, a search of the plaintiff's residence was authorized by a Magistrate Judge for the U.S. District Court for

*Attachment 2*

EXHIBIT H

the Southern District of California. The search was conducted on August 2, 2001, and resulted in the seizure of evidence, including documents relating to the alleged extortion.

4).  When conducting a record review pursuant to the plaintiff's FOIA request in this matter, a paralegal specialist of the FBI, San Diego Division, reviewed the records of the FBI in San Diego pertaining to the plaintiff's request, to include information contained in the electronic data bases, commonly referred to as indicies, and material contained in the case file, 9B-SD-63470. The case file is a collection of documents, referred to as serials, which are investigative reports, memoranda and communications and other administrative papers.

5).  Among the material in the case file were serials noting the existence of physical evidence seized or otherwise obtained during the course of the investigation. These serials, generally referred to as "1Bs" and more formally as form FD-192, list the physical items obtained as evidence in the course of the investigation and stored in the division. Each FBI division operates a secure storage facility, referred to as a evidence room, where evidence is kept. This secure storage ensures that the proper chain of custody is maintained should the evidence be required for trial purposes.

6).  Physical evidence seized in the course of a search or obtained through consent will also be recorded on a Receipt of Property (form FD-597). This is a pre-printed form consisting of an original and two carbon copies. After the property is seized or obtained through consent, the agent will prepare the receipt, listing all the evidence received. One of the carbon copies will be given to the individual from whom the property is received, and the original will be preserved in a "1A" envelope and filed with the case serials. In this case, the plaintiff signed the FD-597, indicating that he was aware of the materials seized from him

7).  The individual items of tangible evidence, including documents seized or obtained by consent, are not individually indexed or noted, other than what is written on the FD-192 or FD-597. These items cannot be independently retrieved through the FBI's record system, except through examination of the FD-192 or FD-597.

8).  In response to the plaintiff's FOIA request, the FBI paralegal specialist reviewed the case file, including copies of 1A and 1B material. These serials were treated under FOIA as any other document contained in the case file.

9).  The tangible, physical items of evidence listed on the FD-597 (1A) and FD- 192 (1B) were not reviewed by the FOIA paralegal specialist. This is because, as stated above, the items of physical evidence were not indexed individually in any records keeping system operated by the FBI; only the 1A and 1B forms documenting the evidence are serialized.

10).  Copies of FD-192 and FD-597 contained in the case file were made available to the plaintiff. These serials listed several documents seized from the plaintiff during the course of the search of his residence in an extortion investigation.

H-2

AUG-24-2003  14:42                          A. LEGAL, TRAINING                                    8584997916        P.04

11).    I believe that the plaintiff is referring to this evidence seized by the FBI in the court
authorized search of his residence in his "Motion of Answer" which he describes as
"Work Product Materials." The plaintiff states that the materials are "factually located at
FBI-SD Case No. 9B-SD-63470, Owning office - San Diego, Barcode: E01932001,
Location ECC GEP, Shelf, Row 33-BR, 08-03-2001." His referenced Exhibit 3 to his
motion is the FD-192 which lists the material seized from the plaintiff in the course of an
extortion investigation.

12).    The documents and other evidence seized are generally retained until the investigatory
case agent, in concurrence with the Assistant United States Attorney, has concluded that
the evidence is no longer required for purposes of prosecution.   In the present matter, the
investigatory case agent has been consulted, and under the circumstances, has found that
the evidence seized from the plaintiff is no longer required.  As such, I have directed that
the evidence obtained from the plaintiff be released and returned to him.


Under penalty of perjury, I declare the foregoing to be true and correct.


Executed this 25th day of August, 2003.

                                                    Nicholas F. McKean
                                                    Chief Division Counsel
                                                    San Diego Division
                                                    Federal Bureau of Investigation

TOTAL P.04

H-3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATHEW D. PINNAVAIA,                    )
                                        )
                Plaintiff,              )
                                        )
        v.                              )       C.A. No. 03-112 (RJL)
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )
                                        )
                                        )
                Defendant.              )
_____ )

### DEFENDANT'S STATUS REPORT AND MOTION TO EXTEND TIME

Pursuant to Fed. R. Civ. P. 6(b), defendant respectfully requests an extension of time to

and including October 27, 2003, to file defendant's partial motion for summary judgment on

plaintiff's FOIA request to FBI headquarters and on the cross reference files that were recently

identified [see Supplemental Declaration of Carol Keeley, Assistant Section Chief,

Record/Information Dissemination Section, Records Management Division, FBI Headquarters,

filed on July 25, 2003 and Second Supplemental Decalaration of Ms.Keeley, filed on August 25,

2003], and to respond to plaintiff's opposition to defendant's partial motion with respect to

plaintiff's San Diego Field Office request.  Defendant has not attempted to contact plaintiff

concerning this motion as plaintiff has previously indicated that he "does not and shall not,

communicate with Defendant Federal Bureau of Investigation (FBI) and or FBI-DOJ-Counsel in

a Verbal Manner." See Docket Entry No. 12, at p. 2.

On July 21, 2003, defendant filed a motion for summary judgment, which addressed

plaintiff's claim concerning his FOIA request to the FBI's San Diego Field Office (SDFO).  See

Docket Entry No. 20.  On July 25, 2003, defendant requested that the aforesaid motion for

summary judgment be treated as a partial motion for summary judgment and that an extension of

EXHIBIT I

time be granted to and including August 25, 2003, to further respond in light of the fact that cross reference files had been located and needed to be retrieved by Headquarters for processing. In addition, a search was being conducted for a file on "special locate" (a letter dated October 21, 1996, that the FBI sent to plaintiff thanking him for providing the FBI with a proclamation). As of September 25, 2003, defendant reports that it has been attempting to retrieve all of the outstanding files for processing and possible release to plaintiff, if appropriate. However, to date, it has been unable to obtain the files and is therefore uncertain, at this point in time, how many pages will be involved in the processing. Defendant assures the Court that it will continue its efforts to find these files in order to bring this case to completion. Accordingly, defendant requests that an extension of time, to and including October 27, 2003, be granted in order to locate the missing documents and, to the extent possible, file a declaration and dispositive motion on the remaining issues in the case.

Respectfully submitted,

ROSCOE C. HOWARD, JR. DC Bar #246470
United States Attorney

MARK E. NAGLE, D.C. BAR #416364
Assistant United States Attorney

CLAIRE WHITAKER, D.C. BAR #354530
Assistant United States Attorney
555 4th St., N.W. Room 10-917
Washington, D.C. 20530
(202) 514-7137

2

I-2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing motion to extend has been filed

electronically and a copy mailed to plaintiff's counsel by first class postage prepaid, addressed to:

> Matthew D. Pinnavaia, pro se
> 1701 Bush Street 6-P
> Oceanside, CA 92054 7137

on this 25th day of September 2003.


CLAIRE WHITAKER, D.C. Bar #354530
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C.  20530
(202) 514-7137

3

I-3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 2 9 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MATHEW D. PINNAVAIA,          )
                                   )
        Plaintiff,         )
                                   )
        v.                )    C.A. No. 03-112 (RJL)
                                   )
FEDERAL BUREAU OF INVESTIGATION,  )
                                   )
        Defendant.      )

**ECF**

## ORDER

Upon consideration of defendant's motion for extension of time, any opposition thereto, and for good cause shown, it is this _29th_ day of _Sept_ , 2003,

ORDERED, that defendant shall have to and including October 27, 2003, to respond to Plaintiff's Motion of Response to Defendant's Motion for Summary Judgement [sic] of July 21, 2003 and Plaintiff's Affidavit to Show that there is a Genuine Issue for Trial and to file a dispositive motion or a status report concerning the FBI Headquarters request and cross reference files in this Freedom of Information Act case.

_Richard Leon_
UNITED STATES DISTRICT JUDGE

Copies to:

Claire Whitaker
Assistant U.S. Attorney
555 4th St., N.W. 10th Floor
Washington, DC 20530

Matthew D. Pinnavaia, pro se
1701 Bush Street 6-P
Oceanside, CA 92054 7137

EXHIBIT J

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| 3 | MATTHEW D. PINNAVAIA, ) | CIVIL NO. 03CV0961-L(JAH) |
| 4 | Plaintiff, ) | CERTIFICATE OF SERVICE BY MAIL |
| 5 | ) | |
| 6 | v. ) | |
| 7 | FEDERAL BUREAU OF INVESTIGATION, ) et al. ) | |
| 8 | Defendant. ) | |
| 9 | STATE OF CALIFORNIA ) | SS. |
| 10 | COUNTY OF SAN DIEGO ) | |

11                  IT IS HEREBY CERTIFIED that:

12      I, Eileen Williams, am a citizen of the United States over the age of eighteen years and a resident of San Diego County, California;
13 my business address is Office of the U.S. Attorney, Federal Office Building, 880 Front Street, Room 6293, San Diego, California 92101-
14 8893; I am not a party to the above-entitled action; and

15      On August 1, 2003, I deposited in the United States mail at San Diego, California, in the above-entitled action, in an envelope
16 bearing the requisite postage, a copy of:

17            **DEFENDANT'S REPLY TO PLAINTIFF'S MOTION**
             **OF ANSWER TO DEFENDANT'S MOTION OF**
18                   **8-1-03 TO THE COURT**

19
20 addressed to:
          MATTHEW D. PINNAVAIA
          1701 BUSH STREET, 6-P
21           OCEANSIDE, CA 92054-7137

22 the last known address at which place there is delivery service of mail from the United States Postal Service.
23

24      I declare under penalty of perjury that the foregoing is true and correct.

25      Executed in San Diego, California on August 1, 2003.

26
27                  _Eileen Williams_
                 EILEEN WILLIAMS
28