USDC SCAN INDEX SHEET

















KSR 11/19/03 14:45

3:03-CV-00961 PINNAVAIA V. FBI

*16*

*O.*

FILED
03 NOV 19 AM 8:24
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MATTHEW D. PINNAVAIA,

Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION, U.S. DEPARTMENT OF JUSTICE,

Defendants.

Civil No. 03cv961 JH (JMA)

**ORDER RE DEFENDANT'S MOTIONS [Doc. Nos. 6-1, 6-2, 6-3]**

## BACKGROUND

On May 19, 2003, Plaintiff filed this action alleging the Federal Bureau of Investigation ("FBI") in San Diego and in Washington, D.C. refuses to return documents to Plaintiff he sought pursuant to a request under the Freedom of Information Act ("FOIA"). Plaintiff also filed a motion to proceed in forma pauperis. Plaintiff's motion was granted and the Court directed the United States Marshall to serve a copy of the complaint and summons on Defendants "as directed by Plaintiff." See Order at 2 (Doc. No. 3). The complaint and summons were served on the FBI in San Diego.

On August 1, 2003, Defendant filed a motion to dismiss for failure to complete service, to transfer the action or in the alternative to stay the proceedings. Plaintiff's response, entitled "Plaintiff's Motion of Answer to Defendant's Motion of 8-1-03 to the Court", was filed nunc pro tunc to August 7, 2003. On October 6, 2003, Defendant filed a reply. Finding the matter suitable for determination on the papers, District Judge Jeffrey T. Miller took the matter under

16

ENTERED ON 11·19·03

submission without oral argument. The matter was transferred to this Court on October 14, 2003.

## DISCUSSION

### I. Motion to Dismiss

Defendant initially sought dismissal of the action, because Plaintiff failed to properly serve the United States.[1] However, in the reply, Defendant admits the motion to dismiss is moot, because service of process was completed on the United States in accordance with the Federal Rules of Civil Procedure.[2] Accordingly, Defendants motion to dismiss is DENIED as moot.

### II. Motion to Transfer

Defendant asks the Court to transfer the action to the United States District Court, District of Columbia. 28 U.S.C. § 1404(a) permits a court to transfer a matter to another district or division where it might have been brought, "[f]or the convenience of parties and witnesses, [and] in the interest of justice."

First, the Court must determine whether the matter may have originally been brought in the District of Columbia. A complaint seeking relief under FOIA may be heard "in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552 (a)(4)(B). Therefore, venue is proper in the District of Columbia.

Next, the court must balance the convenience of the parties, witnesses and the interests of justice in determining whether the case should be transferred. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citing Van Dusen v. Barrack, 376 U.S. 612, 622

---

[1]In the motion, Defendant notes the time for filing, under Federal Rule of Civil Procedure 4(m), Plaintiff had 120 days from filing the complaint to complete service. At the time the motion was filed, the period for service had not passed. Motion at 4 n. 1.

[2]Service was completed on the United States Attorney's Office on September 16, 2003 and on the Attorney General on September 26, 2003. See Reply at 2 n.1; Levine Supp. Decl. ¶ 2.

(1964)).

Defendant contends the matters at issue in the pending case are being litigated in an action brought by Plaintiff in the District of Columbia, and argues that continuing the action in this Court wastes judicial resources and creates a risk of inconsistent results.[3] Defendant further argues the District of Columbia is more familiar with FOIA law and is more familiar with the underlying facts the case, because the District of Columbia case was filed first and is farther along. Additionally, Defendant argues the issue of convenience of witnesses is not significant in this matter, because FOIA cases are general decided on motions for summary judgment.

Plaintiff does not dispute that he is pursuing an action concerning the same issues in the District of Columbia. Nor does he set forth any argument that venue is less convenient in the District of Columbia. Instead, Plaintiff argues he has the right to bring his action in this Court and the FBI office in San Diego has a file with the documents he seeks.

This Court finds Defendant's arguments persuasive. Accordingly, in the interest of convenience and fairness, the action should be transferred to the District of Columbia.

### III. Motion to Stay Proceedings

Defendant requested the Court stay the proceedings if it was not inclined to transfer the action. Because the Court grants the motion to transfer, the motion to stay is DENIED as moot.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendant's motion to dismiss for failure to complete service is **DENIED** as moot.

2. Defendant's motion to transfer this action to the District of Columbia is **GRANTED.**

//

[3]Defendants submit a copy of the complaint filed in the District of Columbia and copies of the court's docket. See Motion, Ex. A,B; Reply, Ex. F.

3. Defendant's motion to stay the proceedings is **DENIED** as moot.

Dated: November 14, 2003

JOHN A. HOUSTON
United States District Judge

cc: Magistrate Judge Adler
All Parties

# UNITED STATES DISTRICT COURT

Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

Matt Dykman
Chief Deputy

November 19, 2003

Office of the Clerk
United States District Court
1834 E. Barrett Prettyman
United States Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001-2802

Re: PINNAVAIA V. FBI, Case No. 03cv961JAH(JMA)

Dear Sir or Madam:

Pursuant to Order transferring the above-entitled action to your District, we are transmitting herewith our entire original file (excepting said Order).

Enclosed are a certified copy of our Docket and of the Order transferring the action, the originals of which we are retaining.

Please acknowledge receipt on the copy of this letter and return. Thank you.

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

By: **K. Ridgeway**
K. Ridgeway, Deputy

Copy to Attorney for Plaintiffs:
Copy to Attorney for Defendants:

RECEIVED ITEMS DESCRIBED

THIS DATE OF ____________________
AND ASSIGNED CASE NUMBER _______________

CLERK, U.S. DISTRICT COURT

By: ____________________________, Deputy